IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roland Chambers, | ) | C/A No. 3:14-972-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Apple Inc.; Amazon.com Inc.; and CD Baby, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Roland Chambers, a self-represented litigant, filed this action alleging that the defendants infringed on Chambers's exclusive right to reproduction of copyrighted material in violation of the Copyright Act, 17 U.S.C. § 101 et seq., and violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motions to dismiss.[1] (ECF Nos. 28, 45.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Chambers of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions. (ECF Nos. 32, 46.) Chambers filed a response in opposition to the defendants' motions (ECF Nos. 42, 53), and the defendants replied (ECF Nos. 44, 54). Chambers additionally filed a sur-reply.[2] (ECF No.

---

[1] The motion to dismiss filed by Defendants Amazon.com Inc. and CD Baby seeks, in the alternative, dismissal of Chambers's request for punitive damages. (ECF No. 45.)

[2] The Local Rules make no provision for sur-replies. Further, under Local Civil Rule 7.07 DSC, "[r]eplies to responses are discouraged."

Page 1 of 9



56.) Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motions to dismiss should be granted.

## BACKGROUND

Chambers alleges that he provided Defendant CD Baby with five compact discs including twelve "original pieces of copyrighted sound recordings and two pieces of artwork for the album cover" in July of 2001. (ECF No. 1 at 2.) Chambers claims that he and CD Baby executed a "consignment only" contract for distribution of the five compact discs.[3] (Id.) In March of 2014, Chambers discovered that the compact discs were still selling and allegedly demanded an explanation and payment; however, no "payment was reported or issued to [Chambers] for any of the five disc[s]." (Id.) Chambers claims that Defendant Amazon.com Inc. ("Amazon") allowed "third party sellers to continue selling copyrighted material not owned, and likely counterfeit based on disc produced." (Id.) Defendant Apple Inc. ("Apple") is named for providing access to twelve pieces of work in digital formats without Chambers's consent or permission. (Id.) Chambers seeks over five billion dollars in damages. (Id. at 3.)

## DISCUSSION

**A.     Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp.

---

[3] The Complaint indicates that a "true and correct copy of the Note is attached hereto as Exhibit 'A.'" (ECF No. 1 at 2.) However, Chambers failed to submit a copy of any note or contract with the Complaint.



v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006) (citing Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint"); Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint).

In applying this standard, the court observes that it is required to liberally construe *pro se* complaints. Erickson, 551 U.S. at 94. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980);

Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Copyright Act and Digital Millennium Copyright Act Claims**

The Copyright Act grants copyright protection to "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). To establish a claim of copyright infringement, a plaintiff must show: (1) ownership of a valid copyright, and (2) that the defendant copied the original elements of the copyrighted work. Feist Publ'n, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Keeler Brass Co. v. Cont'l Brass Co., 862 F.2d 1063, 1065 (4th Cir. 1988). The Digital Millennium Copyright Act ("DMCA") "was enacted both to preserve copyright enforcement on the Internet and to provide immunity to service providers from copyright infringement liability" for certain actions. ALS Scan, Inc. v. RemarQ Cmtys., Inc., 239 F.3d 619, 625 (4th Cir. 2001). Although the Complaint fails to cite any particular statutory provision of either Act, Chambers indicates a violation of his exclusive reproduction rights, and "[s]ection 106 of the Copyright Act confers a bundle of exclusive rights to the owner of the copyright," including the right to reproduce the copyrighted work. Harper & Row Publishers, Inc. v. Nation Enter., 471 U.S. 539,

546 (1985); see also 17 U.S.C. § 106.  Further, the Complaint references unauthorized access to Chambers's work, which the DMCA provides measures to prevent.  See 17 U.S.C. § 1201 et seq.

In its motion to dismiss, Apple argues that two fatal defects subject the Complaint to dismissal:  (1) Chambers's failure to adequately describe the alleged copyrighted works; and (2) Chambers's failure to allege that the works at issue have been registered with the United States Copyright Office. (ECF No. 28-1 at 1.)  Chambers filed a response in opposition to Apple's motion, alleging that he provided Apple with an adequate description of the copyrighted works prior to filing the Complaint, via a "Copyright Registration Verification" form submitted to the court, and in an email to Apple's attorney subsequent to filing this action. (ECF No. 42 at 5.)  Chambers's response further claims that the submission of the copyright registration form establishes his registration of the works at issue with the United States Copyright Office.  (Id. at 6.)  In reply, Apple argues that the copyright registration Chambers submitted with his response lists "six (not twelve) tracks, references no artwork" and suggests that an entity named Reliable Brokering controls any copyright in the allegedly registered material. (ECF No. 44 at 2.)  Apple's reply further argues that a computer screen-print submitted by Chambers with his response lists eleven tracks "rather than the twelve referenced in the Complaint," and "depicts a third-party website (Artist Direct) with no affiliation to Apple."  (Id. at 2-3.)  Apple notes the Complaint's failure to allege that Chambers "ever purchased the tracts from the iTunes Store or directly observed that they were available there."  (Id. at 3.)  Thus, Apple asserts that the Complaint should be dismissed for failure to state a claim pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.  (Id.)

Defendants Amazon and CD Baby also argue in their motion to dismiss that the Complaint fails to "identify the musical compositions at issue," fails to allege clearly that Chambers is the



copyright holder for any of the recordings at issue, and fails to allege whether the mentioned pieces of artwork are copyrighted material. (ECF No. 45-1 at 2-3.) Defendants Amazon and CD Baby further note that the Complaint admits Chambers contracted with CD Baby for the distribution of up to five copies of a compact disc. (Id. at 5.) Chambers's unsigned response in opposition to this motion seeks to "present additional evidence to back [the] claim of copyright infringement and violation of the Digital Millennium Act" by these defendants. (ECF No. 53.) Chambers attaches sixteen exhibits to the response, purportedly showing that he is a partner in Reliable Brokering and explaining that the "Cd in question has 6 tracks of original musical work and an image of the cd cover . . . . the additional 6 tracks are remixed versions of the first 5 submitted to the copyright office." (ECF No. 53 at 2; ECF No. 53-1.) In reply, Defendants Amazon and CD Baby assert that Chambers's response confirms that he authorized distribution of the works in question and demonstrates that only one copy of Chambers's disc was ever sold. (ECF No. 54 at 2.) Therefore, these defendants assert that the Complaint should be dismissed, or in the alternative, any portions of the Complaint requesting punitive damages should be stricken. (Id. at 3.) Chambers's sur-reply argues that the motion to dismiss filed by Amazon and CD Baby "is an admission of guilt and negligence on behalf of said parties." (ECF No. 56 at 4.)

      The court agrees with the defendants that the instant Complaint should be dismissed. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim and provide sufficient factual information to put defendants on notice of their wrongdoing. See Iqbal, 556 U.S. at 677-79;



Twombly, 550 U.S. at 555. Further, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678-79. In applying Rule 8 to copyright infringement claims, courts have held that the plaintiff must identify the specific original work at issue. See Transcience Corp. v. Big Time Toys, LLC, C/A No. 13-CV-6642 (ER), 2014 WL 4827878, at *3 (S.D.N.Y. Sept. 23, 2014) (collecting cases); Flava Works, Inc. v. Clavio, C/A No. 11-C-05100, 2012 WL 2459146, at *1-2 (N.D. Ill. June 27, 2012) (granting defendant's motion to dismiss where plaintiff's "broad and conclusory allegations" did not "point to a specific copyrighted work that was infringed" and were not sufficient to put the defendant on notice); Home Design Servs., Inc. v. JF Schoch Bldg. Corp., C/A No. 2:11cv574, 2012 WL 442008, at *4 (E.D. Va. Feb. 10, 2012) (same).

The instant Complaint describes the works at issue as "12 original pieces of copyrighted sound recordings and two pieces of artwork for the album cover." (ECF No. 1 at 2.) While Chambers asserts that he submitted a form to the court verifying his copyright registration and identifying the alleged copyrighted materials, the only documents attached to the Complaint are associated with Chambers's calculation of damages against each defendant. (Id. at 4-6.) Further, the documents submitted by Chambers in response to the defendants' motions reference between six and eleven songs registered to copyright claimant Reliable Brokering. (ECF No. 42-1; ECF No. 53-1.) Even if the court presumes, without deciding, that Chambers controls the copyright to the six (or eleven) songs referenced in his responses, this information does not match the allegations of the Complaint. Because the Complaint's reference to twelve unidentified pieces of work falls short of satisfying the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, the defendants' motions to dismiss should be granted.

PJG

In addition, the Complaint provides no factual support for Chambers's conclusory assertion that the defendants provided unauthorized access to, or made an unauthorized copy of, any copyrighted material. Instead, Chambers alleges that he authorized Defendant CD Baby to distribute five compact discs containing twelve original pieces of copyrighted sound recordings and discovered that the material was still being sold by Amazon in 2014. While Chambers asserts that it is "likely" that the recordings have been counterfeited, the Complaint provides nothing more than speculation that Chambers's original work has been copied by any defendant. Further, documents submitted by Chambers demonstrate that only one of the five originally contracted compact discs has been definitively sold. (ECF No. 53-1 at 4, 12.) Chambers's allegation that Apple provided unauthorized access to twelve pieces of work is likewise factually unsupported in the Complaint, or other associated documents submitted by Chambers, which reflects the work being offered by a third-party website. As Chambers's speculative and conclusory allegations are insufficient to show that the defendants violated the Copyright Act or Digital Millennium Copyright Act, see Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555, the court concludes that the defendants' motions to dismiss should be granted.

### RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motions to dismiss (ECF Nos. 28, 45) be granted. Because the case is recommended for dismissal, the court further recommends that the alternative motion filed by Defendants Amazon and CD Baby to strike the Complaint's request for punitive damages (ECF No. 45) be terminated as moot.

November 7, 2014  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).